CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 7:12CR00010-01 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ROBERT TERZEL-JERMAINE WHITE, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Defendant Robert Terzel-Jermaine White has filed a motion for reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2).* For the following reasons, White's motion must be denied.

### Background

On April 8, 2012, White entered a plea of guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Prior to sentencing, the probation officer prepared a presentence report, which designated White as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable Guidelines range based on that provision. At the time of sentencing, the court adopted the presentence report and found that White qualified as a career offender. In light of the career offender designation, the guideline range of imprisonment was 151 to 188 months. The court varied from that range and imposed a 96-month sentence.

White now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under

---

* White was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

§ 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising White that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1. The motion is now ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, White's applicable guideline range was his career offender range of 151 to 188 months, which was derived from § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career

offender provisions in the Sentencing Guidelines."); United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Therefore, White's applicable guideline range was not affected by Amendment 782. Although the court varied from that range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively applicable amendments to the Sentencing Guidelines, White is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction."); United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance. Accordingly, Amendment 782 – which alters the offense levels for drug crimes but does not affect the offense levels for career offenders – would not lower Rinaldi's applicable guidelines range, and it would thus be contrary to the applicable policy statement to reduce Rinaldi's sentence") (internal citation and quotation marks omitted).

For these reasons, White's motion for reduction of sentence under § 3582(c)(2) must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of May, 2016.

                                                                           /s/ *signature*
                                                                           Chief United States District Judge