CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 7:12CR00010-01 |
| | (Civil Action No. 7:16CV80924) |
| v. | |
| | **MEMORANDUM OPINION** |
| ROBERT TERZEL-JERMAINE WHITE, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Robert Terzel-Jermaine White, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] The government has filed a motion to dismiss, to which White has responded, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and White's motion to vacate will be denied.

### Background

White was indicted by a federal grand jury on January 26, 2012. Count Three of the indictment charged White with distribution of a measurable quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On April 18, 2012, White entered a plea of guilty to that count.

Prior to sentencing, the probation officer prepared a presentence report, which designated White as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The career offender designation was based on two prior convictions for controlled substance offenses: a 2006 conviction in the United States District Court for the Western District of Virginia for possession with intent to distribute cocaine base, and a 2006 conviction in the Circuit Court for the County of Roanoke for distribution of cocaine. As a career offender, White was subject to an advisory guideline range of imprisonment of 151 to 188 months.

---

[1] White was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

White appeared for sentencing on July 17, 2012. During the hearing, defense counsel acknowledged that White technically qualified as a career offender. Defense counsel argued, however, that a sentence within the career offender range of 151 to 188 months would be inequitable under the circumstances in White's case. The court ultimately adopted the presentence report and found that White qualified as a career offender. However, the court agreed with defense counsel that a sentence within the career offender range would be "too harsh for the crime that [the defendant] committed." Sentencing H'rg Tr. 24. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the court determined that a term of imprisonment of 96 months was appropriate. White did not appeal his conviction or sentence.

On May 13, 2016, White moved to vacate his sentence under 28 U.S.C. § 2255. Relying on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), White argues that he no longer qualifies as a career offender and, thus, that he is entitled to resentencing.

Pursuant to Standing Order 2015-5, an attorney in the Office of the Federal Public Defender was appointed to represent White and provide supplemental briefing, if necessary, in light of Johnson. The attorney subsequently declined to file any additional pleadings and moved to withdraw from further representation. The court granted the attorney's motion on May 20, 2016, and directed the government to respond to the pending § 2255 motion.

On July 27, 2016, the government filed a motion to dismiss. The following day, the government filed an amended motion to dismiss. The court notified White of the government's amended motion, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and gave him 21 days in which to file a response. White filed a response to the motion on August 15, 2016. The matter is now ripe for review.

2

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In this case, White claims that he is entitled to resentencing because he no longer qualifies as a career offender under § 4B1.1 of the Sentencing Guidelines. Upon review of the record, the court concludes that this claim is without merit. Section § 4B1.1 provides that a defendant is a career offender if, among other factors, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). As summarized above, White had two prior felony convictions for controlled substance offenses at the time he committed the offense of conviction. Accordingly, White was properly designated as a career offender.

In seeking relief under § 2255, White relies upon the Supreme Court's decision in Johnson v. United States, in which the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. Johnson, 135 S. Ct. at 2555-57. However, Johnson has no application here. White was not sentenced under the residual clause of the Armed Career Criminal Act. Nor was his sentence based upon the residual clause previously contained in § 4B1.2 of the Sentencing Guidelines. Instead, White was designated as a career offender based on two prior felony convictions for controlled substance offenses. Because the

definition of a "controlled substance offense" was not called into question by Johnson, the decision has no effect on the propriety of White's sentence. See United States v. Reid, No. 16-4318, 2016 U.S. App. LEXIS 21350, at *2 (4th Cir. 29, 2016) ("Johnson has no application where, as here, the designation of career offender is based on prior felony drug convictions."). Accordingly, White is not entitled to relief under § 2255.[2]

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny White's § 2255 motion. Additionally, because White has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 28th day of February, 2017.

_____
Chief United States District Judge

---

[2] On June 27, 2016 the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case that presents the question of whether Johnson applies to sentences imposed under the residual clause previously found in § 4B1.2(a)(2) of the Sentencing Guidelines, and, if so, whether that rule applies retroactively to cases on collateral review. Because White's career offender designation was not based upon the residual clause, it is unnecessary to await the Supreme Court's decision in Beckles. Likewise, because Johnson is clearly inapplicable to the defendant's case, the court need not address the other arguments raised in support of the government's motion to dismiss.

4